United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, <br><br> v. <br><br> Prager Metis CPAs, LLC, and Prager Metis CPAs LLP Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-23723-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Denying Stay

In this case, Plaintiff Securities and Exchange Commission complains that Defendants Prager Metis CPAs, LLC, and Prager Metis CPAs LLP (together, "Prager"), two affiliated accounting and auditing firms, have repeatedly violated the Commission's auditor independence rule by including indemnification provisions in their client engagement letters. (Compl., ECF No. 1.) Prager now asks the Court for a limited stay of discovery pending the Court's resolution of its motion to dismiss. (Def.'s Mot., ECF No. 23.) The Commission opposes the stay, arguing Prager has not shown either (1) that its motion to dismiss is so clearly meritorious or entirely case dispositive such that a stay would be warranted; or (2) a sufficiently undue prejudice or burden associated with discovery in this case. (Pl.'s Resp., ECF No. 26.) Prager has, in turn, replied to the Commission's opposition. (Def.'s Reply, ECF No. 27.) For the reasons that follow, the Court **denies** Prager's motion for a stay of discovery (**ECF No. 23**).

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). However, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

To evaluate whether there is a strong likelihood "the motion [to dismiss] will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (cleaned up). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and

burdens of proceeding with discovery." *Id.* at 652 (cleaned up). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and protraction of discovery can also create case management and scheduling problems—for both the Court and the litigants—and unfairly hold up the prosecution of the case. *See Chudasama,* 123 F.3d at 1368-69; *Feldman,* 176 F.R.D. at 652-53. Ultimately, the proponent of the stay, here Prager, bears the burden of demonstrating a stay's necessity, appropriateness, and reasonableness. *McCabe,* 233 F.R.D. at 685.

The Court has taken a preliminary peek at the merits of Prager's motion to dismiss and "cannot say that this case is surely destined for dismissal." *Ray v. Spirit Airlines, Inc.*, 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (Scola, J.). In urging dismissal of the complaint, Prager frames the Commission's case as turning entirely on the premise that an auditor is never capable of independence where an engagement letter includes any type of indemnification provision, regardless of the provision's scope. In narrowly focusing its motion on this premise, however, the Court finds Prager neglects to address whether, based on all the facts alleged, the indemnification provisions in *this* case impaired *this* defendant's impartiality. And while Prager may make a strong case against a per se rule—that an auditor's impartiality will be deemed to be impaired based on the inclusion of any indemnification provision, no matter its scope or the associated facts and circumstances—it has not convinced the Court (at least upon a cursory review) that the Commission's allegations here fail to state a claim. In other words, the Court finds Prager's main argument in support of dismissal lacks a sufficient analysis of whether the Commission's allegations, along with all the reasonable inferences arising therefrom, and, importantly, when read in the light most favorable to the Commission, set forth facts from which the Court could infer that Prager either lacked independence or a reasonable investor would conclude that Prager lacked independence. Accordingly, there does not "appear[] to be an immediate and clear possibility" that Prager's motion to dismiss will end this litigation altogether. *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Nor has Prager made a sufficient showing that "the likely costs and burdens of proceeding with discovery" outweigh "the harm produced by a delay in discovery." *Feldman,* 176 F.R.D. at 652. Since it appears, at least at this point in the litigation, that this case will likely proceed past the motion-to-dismiss stage, Prager has not shown with sufficient specificity the type of extraordinary burden and expense it will suffer should discovery proceed. On the other hand, to the extent Prager questions the propriety of the

Commission's specific discovery requests, it can raise those concerns through the appropriate discovery procedures.

In short then, Prager has not convinced the Court of the stay's "necessity, appropriateness, and reasonableness." The Court thus **denies** the motion (**ECF No. 23**.)

**Done and ordered**, in Miami, Florida, on February 22, 2024.

_____
Robert N. Scola, Jr.
United States District Judge