United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, <br><br> v. <br><br> Prager Metis CPAs, LLC, and Prager Metis CPAs LLP Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-23723-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Final Judgment as to Defendant Prager Metis CPAs, LLC

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint, and Defendant Prager Metis CPAs, LLC ("Defendant" or "Prager Metis LLC") having entered a general appearance; consented to the Court's jurisdiction over the Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. For the reasons set forth in the Commission's filing, and because the Defendant is in agreement, the Court **grants** the motion for entry of final judgment (**ECF No. 41**).

I. **Permanent Injunctive Relief**

A. **Rule 2-02(b) of Regulation S-X [17 C.F.R. § 210.2-02(b)]**

It is hereby ordered, adjudged, and decreed that the Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 2-02(b) of Regulation S-X [17 C.F.R. § 210.2-02(b)], by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] and violating the accountant's reports provisions of Rule 2-02(b) of Regulation S-X [17 C.F.R. § 210.2-02(b)], by misstating as to audits included in accountant's reports (which certify financial statements and which the Defendant provides to issuer clients who then make filings with the Commission that include or incorporate by reference those accountant's reports) that those audits the Defendant conducts on behalf of those issuer clients are conducted by an independent registered public accounting firm in accordance with the applicable professional standards.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service

or otherwise: (a) the Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

> **B. Aiding and Abetting Any Violation of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 13a-1, 13-a-11, and 13a-13 [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13] Thereunder**

It is hereby further ordered, adjudged, and decreed that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13] thereunder, by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] and by knowingly or recklessly providing substantial assistance to an issuer with securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file:

i. accurate and complete annual reports with the Commission on Forms 10-K or 20-F that include financial statements audited and certified by an independent public accountant, in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-1 [17 C.F.R. § 240.13a-1] thereunder;

ii. accurate and complete current reports with the Commission on Forms 8-K (including if such forms include financial statements audited and certified by an independent public accountant), in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-11 [17 C.F.R. § 240.13a-11] thereunder; and

iii. accurate and complete quarterly reports with the Commission on Forms 10-Q that include interim financial statements reviewed by an independent public accountant (which Rule 10-01(d) of Regulation S-X [17 C.F.R. § 210.10-01(d)] also requires the interim financial statements included in a Form 10-Q to be reviewed by an independent public accountant), in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-13 [17 C.F.R. § 240.13a-13] thereunder.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### C. Aiding and Abetting Any Violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rules 15d-1 and 15d-13 [17 C.F.R. §§ 240.15d-1 and 240.15d-13] Thereunder

It is hereby further ordered, adjudged, and decreed that the Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)] and Rules 15d-1 and 15d-13 [17 C.F.R. §§ 240.15d-1 and 240.15d-13] thereunder, by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] and by knowingly or recklessly providing substantial assistance to an issuer reporting under Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] either voluntarily or due to an effective registration statement under the Securities Act of 1933 ("Securities Act") that fails to file:

  i. accurate and complete reports with the Commission, which are required by Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] for each class of securities covered by an effective registration statement under the Securities Act, including annual reports on Forms 10-K or 20-F that include financial statements audited and certified by an independent public accountant, in violation of Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)] and Rule 15d-1 [17 C.F.R. § 240.15d-1] thereunder; and

  ii. accurate and complete reports with the Commission, which are required by Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] for each class of securities covered by an effective registration statement under the Securities Act, including quarterly reports on Forms 10-Q that include interim financial statements reviewed by an independent public accountant (which Rule 10-01(d) of Regulation S-X [17 C.F.R. § 210.10-01(d)] also requires the interim financial statements included in a Form 10-Q be reviewed by an independent public accountant), in violation of Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)] and Rule 15d-13 [17 C.F.R. § 240.15d-13] thereunder.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

### D. Exchange Act Rule 17a-5(i) [17 C.F.R. § 240.17a-5(i)]

It is hereby further ordered, adjudged, and decreed that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 17a-5(i) [17 C.F.R. § 240.17a-5(i)], by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] (as Exchange Act Rule 17a-5(f)(1) [17 C.F.R. § 240.17a-5(f)(1)] requires an independent public accountant to "be qualified and independent in accordance with" Rule 2-01 of Regulation S-X [17 C.F.R. § 210.2-01]) and violating the accountant's reports provisions of Exchange Act Rule 17a-5 [17 C.F.R. § 240.17a-5], by misstating as to audits included in accountant's reports (which certify the financial statements and which Defendant provides to registered broker-dealer clients who then make filings with the Commission that include or incorporate by reference those accountant's reports) that those audits the Defendant conducts on behalf of those registered broker-dealer clients are conducted by an independent registered public accounting firm in accordance with the applicable professional standards.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

### E. Aiding and Abetting Violations of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-5 [17 C.F.R. § 240.17a-5] Thereunder

It is hereby further ordered, adjudged, and decreed that the Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-5 [17 C.F.R. § 240.17a-5] thereunder, by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] (as Exchange Act Rule 17a-5(f)(1) [17 C.F.R. § 240.17a-5(f)(1)] requires an independent public accountant to "be qualified and independent in accordance with" Rule 2-01 of Regulation S-X [17 C.F.R. § 210.2-01]) and by knowingly or recklessly providing substantial assistance to a registered broker-dealer that fails to file accurate and complete annual reports with the Commission containing financial statements audited and certified by an independent public accountant in accordance with applicable professional standards, in violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-5 [17 C.F.R. § 240.17a-5] thereunder.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

F. **Aiding and Abetting Violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] Thereunder**

It is hereby further ordered, adjudged, and decreed that the Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] thereunder, by failing to be independent in accordance with Rule 2-01(b) of Regulation S-X [17 C.F.R. § 210.2-01(b)] (as Advisers Act Rule 206(4)-2(d)(3) [17 C.F.R. § 275.206(4)-2(d)(3)] defines an independent public accountant as "a public accountant that meets the standards of independence described in rule 2-01(b) and (c) of Regulation S-X" [17 C.F.R. § 210.2-01(b) and (c)]) and by knowingly or recklessly providing substantial assistance to a registered investment adviser that fails to file accurate and complete Forms ADV-E with the Commission attaching surprise examination reports for examinations of client assets in the custody of an investment adviser, in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] thereunder, which require, among other things, that (i) client funds and securities be maintained with a qualified custodian, and (ii) those client funds and securities over which the investment adviser has custody be verified through an annual surprise examination by an independent public accountant.

It is further ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II. **Disgorgement, Prejudgment Interest, and Civil Penalty**

It is further ordered, adjudged, and decreed that the Defendant is liable for disgorgement of **$172,728.19**, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of **$27,486.64**. The Court finds that sending the

disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of **$980,000**, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall satisfy these obligations by paying **$1,180,214.83** to the Securities and Exchange Commission within thirty days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Prager Metis CPAs, LLC, as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

The Defendant shall pay post judgment interest on any amounts due after thirty days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### III. Incorporation Of Consent

It is further ordered, adjudged, and decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Defendant shall comply with all the undertakings and agreements set forth therein.

### IV. Retention of Jurisdiction

It is further ordered, adjudged, and decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Finally, the Clerk is directed to **close** this case. Any other pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on October 3, 2024.

Robert N. Scola, Jr.
United States District Judge